**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mauricio Vilchis, | No. 2:24-cv-01041-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Roman's Transportation LLC, et al., | |
| Defendants. | |

Plaintiff, Mauricio Vilchis ("Plaintiff") filed a Motion for Default Judgment against Defendants Roman's Transportation LLC, Roman Belostecinic, and Anastasia Moraru ("Defendants"). (Doc. 15). Defendants failed to file a response. For what follows, the Motion will be granted.

## BACKGROUND

Plaintiff filed an action for recovery of unpaid minimum wages under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA") on May 6, 2024. (Doc. 1, "Compl."). Defendant Roman's Transportation LLC is a trucking and transportation company doing business in Maricopa County, Arizona for which Plaintiff provided trucking services. *Id.* at ¶¶ 13-14. Defendants Roman Belostecinic and Anastasia Morau are owners of Roman's Transportation. *Id.* at ¶¶ 15-16. Plaintiff asserts Defendants failed to pay him minimum wage, failed to reimburse withheld wages, and failed to pay his final paycheck. *Id.* at ¶¶ 54-67. Service was executed on Defendants Roman's Transportation, Roman Belostecinic, and Anastasia Moraru on

May 10. (Docs. 10-12). Defendants did not file an answer or otherwise participate in the action. The Clerk of Court entered default against Defendants pursuant to Fed. R. Civ. P. 55(a) on June 3, 2024. (Doc. 14). On July 16, 2024, Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 15, "Mot.").

## JURISDICTION

When a party seeks default judgment "against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th. Cir. 1999). Because Plaintiff's Complaint invokes a federal cause of action under the FLSA, the Court has subject matter jurisdiction over Counts One and Two. *See* 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the Arizona state law claims, Counts Three and Four, because they are "part of the same case or controversy" as Plaintiff's federal claim. 28 U.S.C. § 1367(a). There is personal jurisdiction over Defendants. Plaintiff's claims arise from Defendants' business activities in Arizona and their alleged failure to comply with federal and state employment laws. Compl. at ¶¶ 9–67; *Picot v. Weston*, 780 F.3d 1206, 1211 (9th. Cir. 2015).

## DEFAULT JUDGMENT

Once default is entered, judgment may be entered under Rule 55(b). Whether to grant default judgment is discretionary and courts routinely consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount in controversy; (5) the possibility of factual dispute; (6) whether the default was due to excusable neglect; and (7) the strong preference to decide cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In *Eitel*, the defendant appeared to defend against the claims. Thus, many applicable factors do not provide meaningful guidance in this case. *See Ausseresses v. Pride Security LLC*, No. 23-cv-02662, Doc. 14 at 2 (D. Ariz. May 15, 2024). The relevant *Eitel* factors are: 2) the merits of plaintiff's substantive claim, 3) the sufficiency of the complaint, and 4) the amount in controversy, each of which will be discussed in turn.

**I. Factors (2) Merits of the Claim and (3) Sufficiency of the Complaint**

The second and third *Eitel* factors, together, require consideration whether a plaintiff has stated a claim. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). Here, the complaint's factual allegations are taken as true, but the plaintiff must establish all damages sought. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

To bring a minimum wage claim under the FLSA, a plaintiff must allege he was not paid applicable minimum wages. *Landers v. Quality Commc'ns, Inc*., 771 F.3d 638, 646 (9th Cir. 2014); *see also* 29 U.S.C. § 206. An employee can be covered under the FLSA through (i) enterprise coverage if the employer has annual gross sales or business done greater than $500,000; or (ii) individual coverage if the employee is "engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 203(s)(1)(A), 206(b); *see also Zorich v. Long Beach Fire Dep't & Ambulance Serv., Inc.*, 118 F.3d 682, 686 (9th Cir. 1997). A defendant is liable under the FLSA when defendant "exercises control over the nature and structure of the employment relationship, or economic control over the relationship." *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009). In a claim under the AMWA, a plaintiff must allege they were not paid the applicable minimum wage for hours worked. A.R.S. § 23-363(A). To bring a claim under the AWA, a plaintiff must allege the defendant failed to pay wages due to the plaintiff. A.R.S. § 23-355.

Plaintiff has alleged he worked "approximately between 30 and 50 hours per workweek." from "March 1, 2024 until April 20, 2024" Compl. at ¶¶ 33-34, 40-41. Plaintiff's rate of pay was 30 percent of each load he transported. *Id*. at ¶ 34. Plaintiff alleges Defendants "deducted approximately $250 from each paycheck Plaintiff earned in order to compile a deposit fund from which the cost of potential damage to vehicles and other equipment could be deducted." *Id.* at ¶ 43. Pursuant to this policy, Defendants "witheld a total of approximately $1,250 from Plaintiff's paychecks" and "never returned the funds from Plaintiff's deposit fund after the conclusion of his employment with them." *Id.* at ¶¶ 43, 60. Additionally, Plaintiff alleges Defendants "did not compensate Plaintiff

any wages whatsoever for his final workweek of employment." *Id*. at ¶ 50. Plaintiff alleged he was "employed by an enterprise engaged in commerce with annual gross sales of at least $500,000" in 2022 and 2023 and "[a]t all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce." *Id.* at ¶¶ 27-31. Plaintiff also alleges he was an employee of Defendants and Defendants were his employer as defined by A.R.S. § 23-362. *Id.* at ¶¶ 23-37.

Because Plaintiff's well-pled factual allegations must be taken as true, Plaintiff has stated a plausible claim for relief against Defendants under the FLSA, AMWA, and the AWA. These factors support entering default judgment.

## II. Factor (4) Amount in Controversy

This factor requires the court to consider alleged damages in relation to the seriousness of Defendants' conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. Plaintiff seeks $6,765 in trebled unpaid wages. Mot. at 9. This is reasonable and proportional to Defendants' failure to pay applicable minimum and overtime wages under federal and state law. This factor supports granting default judgment.

## III. Conclusion

All the relevant *Eitel* factors support entering default judgment in this case. This Court will grant the motion and enter default judgment accordingly.

## DAMAGES

Under the FLSA, an employer is liable for the employee's "unpaid minimum wages," their "unpaid overtime compensation," and "in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Under the AMWA, an employee may recover "an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355. And under the AWA, an employer is "required to pay the employee the balance of the wages" owed, with interest, "and an additional amount equal to twice the underpaid wages." A.R.S. § 23-364. During Plaintiff's employment with Defendants culminating in December 2022, the applicable federal minimum wage was $7.25 per hour, 29 U.S.C. § 206(a)(1)(C), and the applicable state minimum wage was $14.35 per hour,

A.R.S. § 23-363(B); Arizona Industrial Commission: Minimum Wage.[1]

Under Arizona law, Plaintiff may not "stack" these damages to recover both minimum wage and unpaid wage damages for the same hours. *See Gen. Tel. Co. of the Nw. v. Equal Emp. Opportunity Comm'n*, 446 U.S. 318, 333 (1980) ("[C]ourts can and should preclude double recovery by an individual."); *Acosta v. Pindernation Holdings LLC*, 2023 WL 3951222, at *4–5 (D. Ariz. Mar. 1, 2023), report and recommendation adopted, 2023 WL 3951211 (D. Ariz. Mar. 23, 2023) (finding Arizona law does not authorize stacked awards under the FLSA, AMWA, and AWA).

### 1. Unpaid Minimum Wages

Plaintiff submitted an affidavit alleging he worked "from "March 1, 2024 until April 20, 2024" and rate of pay was "30 percent of each load" transported. (Doc 15-1 at ¶ ¶ 6-7). Plaintiff states Defendants did not pay any wages for his final workweek of employment, for which he estimates he worked approximately 30 hours. *Id.* at ¶¶ 8-9. For his final workweek, plaintiff alleges his unpaid federal minimum wages are $217.50[2] and his unpaid Arizona minimum wages for that workweek are $430.50.[3] *Id.* at ¶¶ 13-14. Federal minimum wages are doubled to $435 under 29 U.S.C. §216(b) and unpaid Arizona minimum wages are trebled to $1,291.50 under A.R.S. § 23-364(G). *Id.* at ¶¶ 15-17.

### 2. Unpaid Wages

For his last workweek, Plaintiff alleges unpaid wage damages for his regular rate of pay are $1,005. *Id.* at ¶ 14. Additionally, Plaintiff has claimed Defendants deducted $250 from his paychecks to create a deposit fund for potential damage to vehicles and/or equipment and was not refunded $1,250 of the unused amount. *Id.* at ¶¶ 10-12. Plaintiff claims the unpaid wage damages for his final week of pay at $1,005 and $1,250 from the deposit fund, to reach a figure of $2,255 unpaid wage damages. *Id.* at ¶ 14. Under A.R.S. § 23-355, unpaid wages of $2,255 are trebled to $6,765. *Id.* at ¶ 18.

### 3. Coordination of Awards

---

[1] https://www.azica.gov/labor-minimum-wage-main-page (last accessed Aug. 23, 2024).
[2] $14.35 * 30 = $430.50
[3] $7.25 * 30 = $217.50

Plaintiff does not seek to "stack" the minimum state and federal claims, but asserts the smaller awards are "engulfed" in the larger ones. While only Defendant Romans Transportation LLC is liable for damages under the AWA, Plaintiff asserts all three Defendants are jointly and severally liable for his unpaid minimum wage damages under the AMWA and FLSA. Accordingly, Plaintiff is entitled to a joint and several award against all three Defendants on the FLSA and AMWA claims in the amount of $1,291.50 and against Roman's Transportation LLC only on the difference between the larger AWA award and the AMWA award, or $5473.50 ($6,765 - $1,291.50) in damages.

Since the damages sought by Plaintiff are provided for by statute and Plaintiff's affidavit is sufficiently detailed to permit the requisite statutory calculations, the Court will grant Plaintiff's requested damages including a joint and several award against all three Defendants on the FLSA and AMWA claims in the amount of $1,291.50 and against Roman's Transportation LLC only on the difference between the larger AWA award and the AMWA award, or $5473.50 ($6,765 - $1,291.50) in damages. The Court will also award post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a). The Court defers an award of attorneys' fees pending the filing of a motion in accordance with Local Rule of Civil Procedure 54.2.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Default Judgment (Doc. 15) is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Roman's Transportation, Roman Belostecinic, and Anastasia Morau, jointly and severally, in the amount of $1,291.50 under the FLSA and AMWA. The Clerk of Court is also directed to enter judgment in favor of Plaintiff and against Defendant Roman's Transportation in the amount of $5473.50 in damages and liquidated damages under the AWA. This amount shall be subject to post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED** Plaintiff may file a motion for reasonable attorneys' fees and costs in accordance with Local Rule of Civil Procedure 54.2.

1  **IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

2  Dated this 27th day of August, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge